**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| FRANCISCO IVAN ENCINO LOPEZ, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-02477-SHL-cgc |
| | ) | |
| CHRISTOPHER BULLOCK, et al., | ) | |
| Respondents. | ) | |
| | ) | |

**ORDER GRANTING PETITION**

Before the Court is pro se Petitioner Francisco Ivan Encino Lopez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed April 21, 2026.  (ECF No. 1.)  He challenges his ongoing detention under 8 U.S.C. § 1225 without a bond hearing at the West Tennessee Detention Facility as a violation of the Immigration and Nationality Act and his Fifth Amendment due process rights.  (Id. at PageID 6–9.)  He seeks an individualized bond hearing or immediate release.  On May 5, Respondents filed their response opposing the Petition.  (ECF No. 11.)  Respondents now concede that the Sixth Circuit's holding in Lopez-Campos v. Raycraft, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026), "controls the outcome of this matter."  (ECF No. 13 at PageID 62.)

For the reasons stated below, the Petition is **GRANTED**.

**BACKGROUND**

Encino Lopez is a citizen of Mexico who entered the United States in 2022 near Matamoros, Mexico.  (ECF Nos. 2 at PageID 4; 11-2 at PageID 58.)  He has no criminal convictions.  (ECF No. 11-2 at PageID 58.)  But in December 2025, he was stopped by police in Tennessee and issued a citation for driving without a license and having expired proof of

insurance.  (ECF No. 2 at PageID 5.)  On February 18, 2026, Encino Lopez was arrested by ICE officers after attending a hearing at the Robertson County General Sessions Court building in Springfield, Tennessee.  (ECF No. 11-2 at PageID 58.)  ICE then transported him to the West Tennessee Detention Facility.  He has been detained there ever since and has not received a bond hearing before an immigration judge.

Encino Lopez filed the pro se Petition on April 21.  (ECF No. 1.)  Respondents filed an initial response on May 5, arguing that Petitioner was properly detained under 8 U.S.C. § 1225 and not entitled to a bond hearing.  (ECF No. 11.)  However, after the Court ordered Respondents to update their position in light of the Sixth Circuit's Lopez-Campos decision, (ECF No. 12), Respondents filed a Notice on May 19, conceding that Lopez-Campos governs this matter (ECF No. 13).

## ANALYSIS

Encino Lopez challenges his mandatory detention at the West Tennessee Detention Facility and seeks a bond hearing or immediate release release from Respondents' custody.  (ECF No. 1 at PageID 7–10.)  He argues that Respondents unlawfully purported to detain him under 8 U.S.C. §1225, and that § 1226(a) is the section of the Immigration and Nationality Act that applies to him.  (Id. at PageID 6.)

Respondents concede that the Sixth Circuit's holding in Lopez-Campos, 2026 WL 1283891, "controls the outcome of this matter."  (ECF No. 13 at PageID 62.)  That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not actively 'seeking admission.'"  (Id. at PageID 62–63 (citing Lopez-Campos, 2026 WL 1283891, at *11).)

Nonetheless, Respondents maintain that "the Court should require Petitioner to exhaust

his administrative remedies" before granting relief.  (Id. at PageID 63 n.1.)  However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**.  The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief.  McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Contreras-Lomeli v. Raycraft, No. 25-cv-12826, 2025 WL 2976739, at *3 (E.D. Mich. Oct. 21, 2025) ("Bond denial appeals 'typically take six months or more to be resolved at the BIA.'" (citation omitted)).

Respondents further contend that, "[i]n accordance with the remedy affirmed in Lopez-Campos, the Court should order that Petitioner be provided a custody redetermination hearing within 10 business days, and if that does not occur, Petitioner should be released from custody." (ECF No. 13 at PageID 63.)  However, Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention."  Lopez-Campos, 2026 WL 1283891, at *13.  ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside.  Thus, he is entitled to immediate release.  See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, 2026 WL 401204, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**.  Respondents are **ORDERED** to release Petitioner immediately.  Respondents are **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A).  Respondents are further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 21st day of May, 2026.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

4